IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN P. FREDRICHS, § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 4:07cv12 |
| v. § | |
| § | |
| TIME INSURANCE COMPANY f/k/a § | |
| FORTIS INSURANCE COMPANY, § | |
| KENNETH WAYNE SMITH and § | |
| RAYMOND C. WITT, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff has filed a Motion to Remand and Brief in Support Thereof (Dkt. 5). Having considered the motion and Defendant's response, this Court is of the opinion that Plaintiff's motion should be denied.

**Background**

Plaintiff John Fredrichs filed a state court suit against Defendants in Collin County, Texas on November 20, 2006. Defendants are Time Insurance Company ("Time"), a Wisconsin corporation, and its insurance agents Kenneth Wayne Smith ("Smith") and Raymond C. Witt ("Witt"), who are both Texas residents. Plaintiff asserts claims of negligent misrepresentation and misrepresentation under the Texas Deceptive Trade Practices Act and the Texas Insurance Code against all Defendants, as a result of a denial of health benefits under, and the rescission of, a Time insurance policy.

On January 9, 2007, Defendant Time removed this case based on diversity jurisdiction. At the time of removal, Defendant Smith was the only other Defendant who had been served with suit, but he did not consent to the removal. Fredrichs now seeks remand because neither Smith nor Witt are diverse Defendants.

**Standard**

A court may remand a case of the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. §1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). In this case, Time removed on the basis of diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

While consent to removal from all served defendants is generally required, a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006).

Here, because there has been no claim that Fredrichs fraudulently pleaded jurisdictional facts, the Court must focus on the second prong. The test established for this prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to

predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In making this determination, the district court must resolve any contested issues of material fact and any uncertainties in the controlling state law in the plaintiff's favor. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999). The possibility of imposing liability must be reasonable, however, and not merely theoretical. *Smallwood,* 385 F.3d 568, 573 n. 9 (5th Cir. 2004); *Great Plains Trust Co. v. Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

When determining whether remand is appropriate, the court may utilize a summary judgment-type procedure allowing it to pierce the pleadings and examine affidavits for evidence that the plaintiff can state a claim under state law against a non-diverse defendant. *Griggs,* 181 F.3d at 700. Post-removal filings may not be considered, however, if they present new causes of action or theories not raised in the state court petition. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)). "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Id.* at 701.

**Analysis**

In his motion, Fredrichs primarily seeks remand because a non-diverse defendant, Smith, appeared in the state court action and did not consent to its removal. Time has alleged that both Smith and the other individual defendant, Witt, were improperly joined in Fredrichs's suit in order to defeat diversity jurisdiction. This Court agrees that Plaintiff's state court petition does not, on its face, allege facts supporting an independent cause of action against agents Smith or Witt.

Generally, Texas law imposes liability on an insurance agent only if the agent "misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs,* 181 F.3d at 701 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482 (Tex. 1998) (agent misrepresented the amount of premium due under the policy) and *State Farm Fire & Casualty Co. v. Gros,* 818 S.W.2d 908 (Tex. App.- Austin 1991, no writ) (agent misrepresented that damage to home from mudslide was covered under homeowner's policy)). Fredrichs fails to identify on the face of his petition what conduct by Witt or Smith could give rise to such liability. Further, Plaintiff has not offered any affidavits or other evidence indicating the specific allegations he has against Smith and Witt which would give him a valid cause of action against them under Texas law.

In his petition, Fredrichs asserts that "Defendants" made misrepresentations in violation of the DTPA and the Texas Insurance Code, but Fredrichs never identifies a single statement or specific misrepresentation made by either of the agents. For example, although Fredrichs, in his motion to remand, has stated that Defendants Smith and Witt made misrepresentations that the policy had characteristics and benefits it did not have, he does not elaborate on the sort of characteristics and benefits that were misrepresented. Indeed, his "specific" allegations are essentially a verbatim recital of the statutory provisions of the Texas Deceptive Trade Practices Act. Such vague, factually unsupported references to "misrepresentations made by the Defendants" do not state a valid cause of action against an individual insurance agent and are insufficient to support a motion for remand. *Cavallini,* 44 F.3d at 261; *see also Griggs*, 181 F.3d at 701.

The only contention made that is specific to Smith and Witt is that they were Time agents. Defendant correctly notes that courts in the Fifth Circuit have repeatedly rejected attempts to improperly join insurance agents in lawsuits involving the denial of insurance benefits, solely by

4

virtue of their agency relationship. *See Griggs*, 181 F.3d at 694; *Cavallini,* 44 F.3d at 258; *Caballero, v. State Farm Lloyds*, 2003 WL 23109217 (S.D. Tex. 2003) (denying motion to remand where plaintiff alleged fraud, misrepresentation, violations of Texas Insurance Code, and breach of duty and fair dealing against non-diverse insurance agents); *Sohmer v. American Med. Sec., Inc.*, 2002 WL 31323763 (N.D. Tex. 2002) (denying insured's motion to remand where there were no specific allegations against non-diverse insurance agent regarding recision of insurance policy). Thus, even though agents can be personally liable for their own tortious acts, Fredrichs's general statements here about Smith and Witt fall short of being actionable under Texas law.

Because Fredrichs's pleadings here are not enough to state any actionable claims against the non-diverse defendants, his motion to remand on this basis must therefore be denied.

**Amount in Controversy**

Fredrichs also challenges Time's removal alleging that it has failed to show that the amount in controversy requirement has been satisfied. The Court is not persuaded by Fredrichs's position. When a plaintiff's petition does not allege a specific amount of damages, the removing defendant must prove by preponderance of evidence that amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639-40 (5th Cir. 2003). The removing defendant can satisfy its burden by showing that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount. *Id.* at 640; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy).

Plaintiff here seeks actual damages, mental anguish damages, treble damages under the DTPA, and statutory attorney's fees, which, when combined, will likely lead to an amount in controversy in excess of $75,000.  Further, Defendant has offered evidence that Plaintiff refused to stipulate to an amount in controversy less than $75,000.  In the face of this refusal, the Court will not remand this action.  Plaintiff cannot avoid removal simply by refusing to state whether he is seeking more or less than this amount.  *See, e.g., Callaway v. BASF Corp.*, 810 F. Supp.191, 193 (S.D. Tex. 1993).

The Court declines to remand on this basis.

### Recommendation

Based on the foregoing, the Court recommends that Plaintiff's Motion to Remand be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of May, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE